IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**WILLIAM GIFFORD**                                                **PLAINTIFF**

vs.                                    No. 4:21-cv-325

**VLP LIFT SYSTEMS, LLC,**                              **DEFENDANTS**
**and ROBERT COYLE**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff William Gifford ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants VLP Lift Systems, LLC, and Robert Coyle (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty per week.

### II. JURISDICTION AND VENUE

2. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Houston Division of the Southern District of Texas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

6. Plaintiff is an individual and resident of Harrison County.

7. Separate Defendant VLP Lift Systems, LLC ("VLP"), is a foreign limited liability company, registered to do business in Texas.

8. VLP's registered agent for service of process is C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. Separate Defendant Robert Coyle ("Coyle") is an individual and resident of Texas.

### IV.   FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

11. Defendant's primary business is performing research and development of oilfield pumps and other oilfield equipment.

12. Coyle is a principal, director, officer, and/or owner of VLP.

13. Coyle took an active role in operating VLP and in the management thereof.

14. Coyle, in his role as an operating employer of VLP, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15. Coyle, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

16. Defendants are "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employers.

17. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as oilfield equipment, tools, vehicles and fuel.

18. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

19. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

20. Plaintiff worked for Defendants as a project manager from 2017 until May of 2019.

21. Plaintiff's primary duties were to assemble and test oilfield pumps.

22. Plaintiff was paid on a day-rate basis; he was not paid a salary and he was not paid by the hour.

23. Plaintiff was paid $800.00 per day, plus a $200.00 payment by which Defendant purported to reimburse Plaintiff for mileage, food and other expenses.

24. At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

25. Defendants classified Plaintiff as an independent contractor and exempt from the overtime requirements of the FLSA.

26. Plaintiff's work followed the usual path of employer-employee relationships; Defendant treated him as an independent contractor only for tax purposes and for Defendant's convenience.

27. Defendant, at all times relevant hereto, knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated him as an employee.

28. Defendant expected Plaintiff to begin work, and Plaintiff generally did begin work, at around 7 o'clock AM. Although there was no set time to clock out or end the workday, Defendant would determine when the workday ended because Defendant controlled Plaintiff's workload.

29. Defendant required Plaintiff to satisfy whatever needs and requirements Defendant and Defendant's customers had.

30. Defendant expected Plaintiff to follow Defendant's policies regarding his employment.

31. Plaintiff was required to complete the tasks Defendant assigned to him or risk being disciplined, including termination.

32. Plaintiff did not manage Defendant's enterprise or a customarily recognized subdivision of the enterprise.

33. Plaintiff did not exercise discretion and independent judgment with respect to any matters of significance.

34. Plaintiff sought direction from Defendants in lieu of making significant decisions on his own.

35. Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

36. Plaintiff did not select any employees for hire, nor did he have any ability to fire employees.

37. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

38. Defendant determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

39. Defendant set prices for services without input from or negotiation with Plaintiff.

40. Defendant made decisions regarding advertising Defendant's business without Plaintiff's input.

41. Defendant made decisions regarding what new business to pursue or take without Plaintiff's input.

42. Plaintiff did not negotiate contracts or prices with Defendant's customers.

43. Defendant directed Plaintiff in his job duties.

44. Plaintiff had no investment in Defendant's business or operations.

45. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

46. Plaintiff regularly worked more than forty hours per week.

47. Plaintiff estimates he worked approximately fifty to eighty hours per week.

48. Defendants did not pay Plaintiff an overtime premium for hours worked over forty per week.

49. Plaintiff was required to submit, and did submit, reports directly to Defendant which were timestamped and which included information about how long the test of the oilfield equipment took.

50. Plaintiff was also required to submit, and did submit, weekly activity sheets directly to Defendant which detailed the activities he had completed each week.

51. Defendants knew or should have known that Plaintiff was working overtime hours for which he was not paid an overtime premium.

52. Defendant paid Plaintiff $200.00 per day for travel expenses regardless of how much expense Plaintiff actually accrued that day.

53. Plaintiff's expenses included paying for mileage, hotels, car rentals and food.

54. In weeks when Plaintiff's expenses fell below $200.00, the extra compensation should be included in Plaintiff's regular rate when calculating his overtime pay.

55. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

56. In weeks when Plaintiff's expenses exceeded $200.00, Plaintiff was forced to "kick-back" the additional cost of the traveling expenses to Defendant, and this led to additional overtime violations.

57. At all relevant times herein, Defendants have deprived Plaintiff of proper overtime compensation for all the hours worked over forty per week.

58. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

### V. CAUSE OF ACTION—VIOLATION OF THE FLSA

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

60. Plaintiff asserts these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

62. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

64. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

65. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

66. Defendants' failure to pay Plaintiff all overtime wages was willful.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff William Gifford respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B.	A declaratory judgment that Defendants' practices alleged herein violate the FLSA and its related regulations;

C.	Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and its related regulations;

D.	Judgment for liquidated damages pursuant to the FLSA and its related regulations;

E.	An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.	Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF WILLIAM GIFFORD**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com