UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| William Gifford | § | |
| | § | |
| *versus* | § | Civil Action 4:21−cv−00325 |
| | § | |
| VLP Lift Systems, LLC, et al. | § | |

**INITIAL DISCOVERY PROTOCOLS FOR FAIR LABOR STANDARDS ACT CASES NOT PLEADED AS COLLECTIVE ACTIONS**

## PART I: INTRODUCTION

In FLSA cases not pleaded as collective actions, this Court requires the parties to utilize the following Initial Discovery Protocols which have been endorsed by the Civil Rules Advisory Committee and are designed to achieve the goal of more efficient and targeted discovery. This discovery shall be responded to without objections (except attorney−client privilege and work product).

These Initial Discovery Protocols are not intended to preclude or to modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure or other applicable local rules, but they are intended to supersede the parties' obligations to make initial disclosures pursuant to F.R.C.P. 26(a)(l). The purpose of the initial protocols is to encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

## PART II: DEFINITIONS AND INSTRUCTIONS

**(1) The following definitions apply to cases proceeding under the Initial Discovery Protocols.**

   a. *Concerning.* The term "concerning" means referring to, describing, evidencing, or constituting.

   b. *Document.* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in F.R.C.P. 34(a).

c. *Identify (Documents).* When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document(or a copy) was to have been sent; or, alternatively, to produce the document.

d. *Identify (Persons).* When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

e. *Defendant.* Any person or entity alleged to be an employer or joint employer of the plaintiff(s) in the operative Complaint, unless otherwise specified.

f. *Plaintiff.* Any named individual(s) alleging FLSA Claim(s) in the operative Complaint.

**(2) Instructions.**

a. For this Initial Discovery, the relevant time period begins two years before the date the initial Complaint was filed, or, if willfulness is alleged, three years. If Plaintiff alleges a shorter relevant time period, then that is the time period for Initial Discovery.

b. For this Initial Discovery, the relevant time period continues through the last date for which Plaintiff seeks recovery or relief.

c. This Initial Discovery is not subject to objections except for the reasons under FRCP 26(b)(2)(B) or on the grounds of privilege or work product. Documents withheld based on a claim of privilege or work product are subject to the provisions of FRCP 26(b)(5).

d. If a partial or incomplete answer or production is provided, the responding party must state the reason that the answer or production is partial or incomplete.

e. This Initial Discovery is subject to FRCP 26(e) on supplementation and FRCP 26(g) on certification of responses.

f. This Initial Discovery is subject to FRCP 34(b)(2)(E) on form of production.

g.  This Initial Discovery will be subject to the attached Interim Protective Order unless the parties agree or the court orders otherwise. The Interim Protective Order will remain in place only until the parties agree to or the court orders a different protective order. Absent agreement by the parties, the Interim Protective Order will not apply to subsequent discovery.

h.  Prior to the production of documents by either Party to the other pursuant to the Initial Discovery Protocols, the Parties will meet and confer regarding the format (e.g. TIFF/text, searchable .pdf, Excel) for such production. This will not delay the timeframes for Initial Discovery absent ruling by the court.

## PART III: PRODUCTION BY PLAINTIFF

**(1) Timing.**

The Plaintiff's Initial Discovery must be provided within 30 days after the Defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

**(2) Documents that Plaintiff must produce to Defendant.**

a.  Documents created or maintained by Plaintiff recording time worked.

b.  Documents created or maintained by Plaintiff recording wages or other compensation paid or unpaid by Defendant.[1]

c.  If Plaintiff reported or complained internally to Defendant (including but not limited to supervisors or administrative departments, such as human resources, payroll, timekeeping or benefits) about the FLSA Claim(s), the report(s) or complaint(s) and any response that Defendant provided to Plaintiff.

d.  Any offer letters, employment agreements, or compensation agreements for Plaintiff.

e.  Any sworn statements from individuals with information relevant to the FLSA Claim(s).

f.  Documents that Plaintiff relies on to support a claim of willful violation.

g.  All other documents that Plaintiff relies on to support the Plaintiff's FLSA Claim(s).

---

[1] This Initial Disclosure does not include personal tax returns or tax informational documents.

**(3) Information that Plaintiff must produce to Defendant.**

    a. Identify persons Plaintiff believes to have knowledge of the facts concerning the FLSA Claim(s) or defenses, and a brief description of that knowledge.

    b. Identify the start and end dates for the FLSA Claim(s).

    c. Plaintiff's title or position and a brief description of Plaintiff's job duties for the relevant time period.

    d. Describe the basis for the FLSA Claim(s).

    e. A computation of each category of damages claimed by Plaintiff, including (a) applicable dates, (b) amounts of claimed unpaid wages, and (c) the method used for computation (including applicable rates and hours).

    f. The names of Plaintiff's supervisors during the relevant time period.

    g. If Plaintiff reported or complained about the FLSA Claim(s) to any government agency, the identity of each such agency, the date(s) or such reports or complaints, and the outcome or status of each report or complaint.

    h. If Plaintiff reported or complained to Defendant (including but not limited to supervisors or administrative departments such as human resources, payroll, timekeeping or benefits) about the any FLSA Claim(s), state whether the report or complaint was written or oral, when the report or complaint(s) was made, to whom any report or complaint(s) were made, and any response provided by Defendant.

## PART IV: PRODUCTION BY DEFENDANT.

**(1) Timing.**

The Defendant's Initial Discovery must be provided within 30 days after Defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

**(2) Documents that Defendant must produce to Plaintiff.**

    a. Time and pay records created or maintained by Defendant for Plaintiff.

    b. If Plaintiff reported or complained internally to Defendant (including but not limited to supervisors or administrative departments, such as human resources, payroll, timekeeping or benefits) about the FLSA Claim(s), the report(s) or complaint(s) and any response that Defendant provided to Plaintiff.

c. Any sworn statements from individuals with information relevant to the FLSA Claim(s).

   d. Documents that Defendant relies on to support a claim that any alleged violation was in good faith.

   e. Any offer letters, employment agreements, or compensation agreements for Plaintiff.

   f. Collective bargaining agreement(s) applicable to Plaintiff.

   g. The job description for the position(s) Plaintiff held during the relevant time period(s), if the job duties are at issue in the FLSA Claim(s).

   h. Defendant's policies, procedures, or guidelines for compensation that are relevant to the FLSA Claim(s).

   i. The cover page, table of contents, and index of any employee handbook, code of conduct, or employment policies and procedures manual pertaining to compensation or time worked.

   j. Any other documents Defendant relies on to support the defenses, affirmative defenses, and counterclaims to the FLSA Claim(s).

   k. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**(3) Information that Defendant must produce to Plaintiff.**

   a. Provide the following information related to Plaintiff:
      1. Start and end dates for work performed;
      2. Work location(s);
      3. Job title(s);
      4. Employee or contractor identification number;
      5. In cases alleging the misclassification of Plaintiff, the classification status of Plaintiff (i.e., exempt or non-exempt);
      6. Immediate supervisor(s) and/or manager(s).

   b. If Defendant does not have a job description for Plaintiff, a brief description of Plaintiff's job duties for the relevant time period(s), if the job duties are at issue in the FLSA Claim(s).

c.  Identify persons Defendant believes to have knowledge of the facts concerning the FLSA Claim(s) or defenses, and a brief description of that knowledge.

d.  If Plaintiff reported or complained to Defendant about the FLSA Claim(s), whether the report(s) or complaint(s) were written or oral, when the report(s) or complaint(s) were made, to whom any report(s) or complaint(s) were made, and any response(s) provided by Defendant.

Signed on February 9, 2021.

_____
George C. Hanks, Jr.
United States District Judge